UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALBERT O'NEAL, JR.** | **CIVIL ACTION NO. 22-2227** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MAJOR HAWKINS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Albert O'Neal, Jr., a former prisoner at Richland Parish Detention Center ("RPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately July 25, 2022, under 42 U.S.C. § 1983.[1]  He names the following defendants: Major Hawkins and Transportation Officer Porter.  For reasons below, the Court should retain Plaintiff's claim that Major Hawkins denied him constitutionally adequate medical care.  The Court should dismiss Plaintiff's remaining claims.

### Background

Plaintiff alleges that on July 6, 2022, while he was in a holding cell waiting to see a physician, he asked Officer Porter if he could use the restroom.  [doc. # 1, p. 4].  Major Hawkins then threatened him "with a write up."  *Id.*  Plaintiff responded, "I'm pre-trial I'm not worried about a write-up."  *Id.*

Plaintiff claims that because he asked to use the restroom, Major Hawkins "declined [Plaintiff's] medical appointment at LSU Ochsner" in Monroe, Louisiana.  [doc. #s 1, p. 4; 8, p. 1].  Plaintiff alleges: "Hawkins told Porter to take me back to the jail without seeing the doctor."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[doc. # 1, p. 4]. Plaintiff alleges in his initial pleading that he "was there for an [appointment] to have surgery for a tumor on [his] liver[.]" *Id.* In an amended pleading, he clarifies that he was there for a pre-surgery "consultation for hernia and tumor surgery . . . ." [doc. # 8]. He claims that by canceling his consultation, Hawkins prevented him from having surgery. *Id.*

As of September 2022, he has "not received another appointment or surgery . . . ." *Id.* He maintains that his life is at risk. [doc. # 1, p. 4].

On September 21, 2022, Plaintiff notified the Court that he was no longer confined at RPDC. [doc. # 9].

Plaintiff seeks compensation for his illness, pain, suffering, and "neglect of medical attention." *Id.* at 4.

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action

3

in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Threats**

Plaintiff claims that Major Hawkins threatened him "with a write up" after Plaintiff asked if he could use the restroom. [doc. # 1, p. 4]. Plaintiff responded, "I'm pre-trial I'm not worried about a write-up." *Id.*

Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse simply do not give rise to a cause of action under

4

Section 1983.[3] *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191; *Matthews v. LeBlanc*, 2022 WL 2951759, at *1 (5th Cir. July 26, 2022) ("Though inmates have the constitutional right to be free of racial discrimination, mere allegations of verbal abuse or epithets, reprehensible though they may be, do not amount to a cognizable constitutional violation under Section 1983."). Plaintiff does not state a claim of constitutional dimension; the Court should dismiss this claim.

**3. Transportation Officer Porter**

Plaintiff names Transportation Officer Porter as a defendant, but he does not set forth any allegations Porter.[4] [doc. # 1, pp. 1-3]. Plaintiff only states that Porter was "a witness." *Id.* at 3.

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, the Court should dismiss Transportation Officer Porter because Plaintiff does not raise a claim against him.

---

[3] *See Gressett v. New Orleans City*, 779 F. App'x 260, 261 (5th Cir. 2019) (concluding, where the plaintiff alleged that an officer stood in his way, insulted him while holstering his taser and revolver, threatened him, and intimidated him, that though the officer's actions "may be unprofessional" and amounted to an "excess of zeal," they "did not violate [the plaintiff's] Fourteenth Amendment rights" and did not "constitute an abuse of power that 'shocks the conscience.'").

[4] The undersigned instructed Plaintiff to provide a separate description of what, exactly, each defendant did to violate his rights. [doc. # 7].

**4. Medical Care**

As above, Plaintiff claims that because he asked to use the restroom, Major Hawkins "declined [Plaintiff's] medical appointment at LSU Ochsner" in Monroe, Louisiana. [doc. #s 1, p. 4; 8, p. 1]. Plaintiff alleges: "Hawkins told Porter to take me back to the jail without seeing the doctor." [doc. # 1, p. 4]. Plaintiff was there for a pre-surgery "consultation for hernia and tumor surgery . . . ." [doc. # 8]. He claims that by canceling his consultation, Hawkins prevented him from having surgery. *Id.* As of September 2022, he has "not received another appointment or surgery . . . ." *Id.* He maintains that his life is at risk. [doc. # 1, p. 4].

Construing Plaintiff's allegations liberally and in his favor at this early stage of the proceeding, he states a plausible constitutional claim. He alleges that he had a serious medical need and that Hawkins was deliberately indifferent to a substantial risk of serious harm. *See generally Bruce v. Little*, 568 F. App'x 283, 286 (5th Cir. 2014) (finding a plausible claim where a physician told transport guards and a nurse that the plaintiff needed to be seen by his LSU physicians, but "they refused to take him" and "refused to take him to scheduled follow-up medical appointments"); *Rodriguez v. Woods*, 177 F.3d 978 (5th Cir. 1999) (finding a genuine dispute where "tests revealed advanced degenerative joint disease of the left knee[,]" prison administration sought to transfer the plaintiff to a medical facility, the requests were denied, the plaintiff "was eventually released from prison without further treatment of his knee[,]" and the record did "not indicate why [the plaintiff] never received any further treatment.").[5]

---

[5] *See also Smith v. Linthicum*, 2022 WL 7284285, at *5 (5th Cir. Oct. 12, 2022) ("[A] prison medical official's decision to deprive an inmate of a medically needed surgery . . . must be the product of a genuine and considered *medical* judgment, not a nonmedical reason."); *Delaughter v. Woodall*, 909 F.3d 130, 138 (5th Cir. 2018) (denying qualified immunity from an inmate's claim that an unjustified delay in surgery was caused by financially-motivated deliberate indifference rather than medical disagreement); *Miles v. Rich*, 576 F. App'x 394, 397 (5th Cir. 2014).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Albert O'Neal, Jr.'s, claims against Transportation Officer Porter and claim that Major Hawkins threatened him be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 24th day of October, 2022.

Kayla Dye McClusky
United States Magistrate Judge