## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

ALBERT O'NEAL, JR.                      CIVIL ACTION NO. 22-2227

                                        SECTION P

VS.

                                        JUDGE TERRY A. DOUGHTY

MAJOR HAWKINS, ET AL.                   MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Plaintiff Albert O'Neal, Jr., a former prisoner at Richland Parish Detention Center

proceeding pro se and in forma pauperis, filed this proceeding on approximately July 25, 2022,

under 42 U.S.C. § 1983.[1]  For the following reasons, the Court should dismiss Plaintiff's

remaining claims.

### Background

On October 24, 2022, the Court ordered Plaintiff Albert O'Neal, Jr., to, within thirty

days, give the Clerk of Court two (2) completed summonses and one (1) completed USM-285

form for the remaining defendant for service.  [doc. # 11].  Plaintiff did not comply with the

Court's Order.

On January 9, 2023, the Court advised Plaintiff of its intent to dismiss the defendant for

whom Plaintiff failed to return the required service documents if Plaintiff did not show good

cause.  [doc. # 15].

To date, Plaintiff has not returned any service documents or otherwise attempted to

comply with the Court's Order.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff has failed to comply with the Court's Order, and he has not attempted to show good cause.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff Albert O'Neal, Jr.'s remaining claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of March, 2023.

Kayla Dye McClusky
United States Magistrate Judge